UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVIN LEE HARVEY, | No. 2:20-cv-203-EFB P |
| Plaintiff, | |
| v. | ORDER |
| NICOLAS AGUILERA, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, his request to proceed in forma pauperis is granted.

Screening

I.      Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

1

1    fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

2    *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41

3    (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

4    his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

5    a cause of action's elements will not do. Factual allegations must be enough to raise a right to

6    relief above the speculative level on the assumption that all of the complaint's allegations are

7    true." *Id.* (citations omitted).  Dismissal is appropriate based either on the lack of cognizable

8    legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

9    *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

10           In reviewing a complaint under this standard, the court must accept as true the allegations

11   of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

12   (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

13   the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  A pro se plaintiff must

14   satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

15   8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

16   pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

17   grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

18           II.     Analysis

19                   A.      Background

20           Plaintiff alleges that, in April of 2017 and while incarcerated at the California Medical

21   Facility ("CMF"), he injured his left ankle while playing basketball.  ECF No. 1 at 11.  Medical

22   staff examined him and provided him with a cast and x-rays.  *Id.*  The x-rays were negative and

23   led staff to conclude that he had only suffered a sprain.  *Id.*

24           Plaintiff continued to experience swelling and pain, however, and on May 12, 2017

25   defendant Aguilera – a physician at CMF – prescribed a wheelchair and physical therapy.  *Id.* at

26   12.  Three days later, on May 15, 2017, defendant Chiu – a nurse at CMF – re-examined the ankle

27   and made note of plaintiff's high level of pain.  *Id.*   A month later, on June 15, 2017, defendant

28   Aguilera noted that plaintiff had been made to wait twenty-three days for the ordered physical

                                                        2

1   therapy.  *Id.*  At the same visit, plaintiff explained that he was still experiencing pain.  *Id.*  He

2   asserts that Aguilera prescribed him with "T3" for his pain.  *Id.* at 13.   Plaintiff alleges that this

3   medication was ineffective in alleviating his pain.  *Id.*

4          Plaintiff states that he began receiving physical therapy on June 28, 2017.  *Id.*  He saw

5   defendant Chiu the next day, June 29, and she noted that he was still experiencing pain.  *Id.*

6   Plaintiff takes issue with Chiu's refusal to schedule a "PCP" appointment that same day.  *Id.*

7   Instead, she scheduled him for a "routine" appointment.  *Id.*   He went on to receive more

8   physical therapy on June 30, 2017 and July 5, 2017.  *Id.*  Plaintiff alleges that the physical therapy

9   did not alleviate his ankle pain, however.  *Id.*

10          On August 3, 2017, defendant Aguilera order plaintiff an ankle support.  *Id.* at 14.  Later,

11   in October of 2017, a different, non-defendant provider noted an injury to plaintiff's Achilles

12   tendon.  *Id.*  Thereafter, plaintiff filed a grievance, which was received by prison officials on

13   November 28, 2017, alleging that his healthcare had been inadequate.  *Id.*  He claims that

14   defendants scheduled him for surgery on some unspecified date thereafter.  *Id.*  His surgery was

15   ultimately performed on December 22, 2017.  *Id.* at 15.

16          Now, plaintiff is suing Aguilera, Chiu, and "1-50" Doe defendants for exhibiting

17   deliberate indifference toward his serious medical needs.

18          B.        Analysis

19          The complaint, as currently articulated, fails to state a cognizable deliberate indifference

20   claim.  To succeed on an Eighth Amendment claim predicated on allegedly deficient medical

21   care, a plaintiff must establish that: (1) he had a serious medical need and (2) the defendant's

22   response to that need was deliberately indifferent.  *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.

23   2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the

24   failure to treat the condition could result in further significant injury or the unnecessary and

25   wanton infliction of pain.  *Jett*, 439 F.3d at 1096.  A deliberately indifferent response may be

26   shown by the denial, delay or intentional interference with medical treatment or by the way in

27   which medical care was provided.  *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir.

28   1988).  To act with deliberate indifference, a prison official must both be aware of facts from

3

1    which the inference could be drawn that a substantial risk of serious harm exists, and he must also

2    draw the inference.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  It must be emphasized that

3    mere negligence or simple medical malpractice are not sufficient to violate the Eighth

4    Amendment.  *See Estelle*, 429 U.S. at 106 ("Thus, a complaint that a physician has been negligent

5    in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment

6    under the Eighth Amendment. Medical malpractice does not become a constitutional violation

7    merely because the victim is a prisoner.").

8         Nothing in the complaint indicates that either Aguilera or Chiu, to say nothing of the Doe

9    defendants whose involvement cannot be ascertained, was more than negligent (if, indeed, they

10   were even negligent).  The allegations indicate that they provided care based on a belief –

11   apparently mistaken – that plaintiff was dealing with a badly sprained ankle.  Nothing in the

12   complaint leads the reader to conclude that either drew the inference that plaintiff had serious

13   medical needs which their treatment could not redress.  Even plaintiff's claim that Chiu delayed

14   in prescribing a "PCP" appointment fails to indicate either: (1) an awareness on Chiu's part that

15   failure to schedule an immediate appointment was a substantial risk of serious harm to plaintiff's

16   health; or (2) that plaintiff suffered any concrete injury therefrom.

17        Plaintiff's complaint will be dismissed with leave to amend.

18        III.    Leave to Amend

19        Plaintiff is cautioned that any amended complaint must identify as a defendant only

20   persons who personally participated in a substantial way in depriving him of his constitutional

21   rights.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the

22   deprivation of a constitutional right if he does an act, participates in another's act or omits to

23   perform an act he is legally required to do that causes the alleged deprivation).  Plaintiff may also

24   include any allegations based on state law that are so closely related to his federal allegations that

25   "they form the same case or controversy."  *See* 28 U.S.C. § 1367(a).

26        The amended complaint must also contain a caption including the names of all defendants.

27   Fed. R. Civ. P. 10(a).

28   /////

1      Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See*

2   *George v. Smith*, 507 F.3d 605 at 607.

3      Any amended complaint must be written or typed so that it so that it is complete in itself

4   without reference to any earlier filed complaint. E.D. Cal. L.R. 220.  This is because an amended

5   complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

6   earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114

7   F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

8   being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

9   1967)).

10      Any amended complaint should be as concise as possible in fulfilling the above

11   requirements. Fed. R. Civ. P. 8(a).  Plaintiff should avoid the inclusion of procedural or factual

12   background which has no bearing on his legal claims.  He should also take pains to ensure that his

13   amended complaint is as legible as possible.  This refers not only to penmanship, but also spacing

14   and organization.  Plaintiff should carefully consider whether each of the defendants he names

15   actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in

16   which plaintiff names dozens of defendants will not be looked upon favorably by the court.

17                                   Conclusion

18      Accordingly, it is ORDERED that

19      1.      Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;

20      2.      Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days

21   from the date of service of this order; and

22      3.      Failure to file an amended complaint that complies with this order may result in

23   the dismissal of this action for the reasons stated herein.

24   DATED:  April 21, 2020.

25

26   _____
     EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE

27

28

5